# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| GARY BREWSTER,<br>    Plaintiff, | )<br>) |
| v. | )   No. 3:04-CV-328 |
| | )   (Phillips) |
| UNITED STATES OF AMERICA,<br>    Defendants | )<br>) |

## MEMORANDUM OPINION

This is a claim brought under the Federal Tort Claims Act for damages resulting from an accident between plaintiff and a United States Postal Service (USPS) vehicle. The USPS has moved to dismiss the complaint for lack of subject matter jurisdiction. For the reasons which follow, the motion to dismiss will be granted.

## Facts

As set forth in the USPS' memorandum in support of its motion to dismiss, the following facts are not in dispute: On June 5, 2003, plaintiff Gary Brewster filed his administrative claim with the United States Postal Service (USPS) pursuant to the Federal Tort Claims Act. By certified letter dated and sent December 23, 2003, the USPS denied Brewster's claim. The denial letter advised Brewster that, if dissatisfied with the denial, he must commence suit against the United States not later than six (6) months from the date of the denial letter. The USPS' denial of Brewster's administrative claim stated:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Services' final denial of

> an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

For commencement of an action to be timely, Brewster would have had to file a complaint by June 23, 2004. However, Brewster did not file a complaint within six months of December 23, 2003. Rather, he filed his action in General Sessions Court in Scott County, Tennessee on July 7, 2004. The case was removed to this court on July 30, 2004.

The government moves to dismiss the complaint for lack of subject matter jurisdiction on the ground that the complaint was not filed within six months of the denial of the administrative claim.

## **Analysis**

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), requires that an administrative claim be presented to and finally denied by the appropriate federal agency before commencing suit in district court. Section 2675(a) further provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2401(b) provides:

-2-

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

In the instant case, Brewster initiated suit six months and 14 days following the December 23, 2003 letter of denial from the USPS. Thus, his suit is untimely under the statute. In contending that he timely filed the complaint, Brewster argues that federal agencies are allowed pursuant to § 2675(a) only six months to act on a claim. If the agency fails to act on the claim within six months, a complaint may be filed at any time within the two-year statute of limitations set forth in § 2401(b). In support, Brewster relies on the phrase in § 2675(a) "at the option of the claimant any time thereafter." Under Brewster's interpretation, an agency's failure to act on a claim within six months of its submission strips it of all power to act on the claim. Thus, because the USPS denied his claim six months and 18 days after it was submitted, the denial was invalid and did not initiate the six-month filing period. Under plaintiff's theory, his complaint was timely because he filed it within the two-year statute of limitations.

The government responds that issuance of a final denial of a claim more than six months after the claim is filed accords the claimant only six months from the date of the agency's denial to file suit in district court.

Brewster contends that the language "at the option of the claimant any time thereafter" vests absolute discretion in the claimant to file a complaint at any time within the two-year statute of limitations in § 2401(b). However, this interpretation conflicts with the plain meaning of § 2401(b). The two-year period set forth in § 2401(b) pertains to the time during which an administrative claim must be filed with the appropriate agency. The six-month period in § 2401(b) governs the time during which suit must be commenced following final agency denial.

It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed. *See United States v. Kubrick,* 444 U.S. 111, 117-18 (1979). By enacting the FTCA time limitation period, § 2401(b), the United States has placed a condition on that waiver. "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 458 U.S. 156, 161(1981).

Under Sixth Circuit interpretation, a claimant has two options. Six months after the submission of the administrative claim, the claimant may either deem it denied and file suit in district court at any time prior to final agency action or the claimant may await final agency action and file suit within six months thereafter. *See Blakely v. United States,* 276 F.3d 853, 865 (6th Cir. 2002).

-4-

Case 3:04-cv-00328  Document 26  Filed 06/10/05  Page 4 of 5  PageID #: 42

As Brewster did not file the present action within six months after he received notice that his claim had been administratively denied, this court lacks subject matter jurisdiction over plaintiff's complaint and this action will be dismissed. Because this issue is dispositive, the court need not reach an analysis of the merits of the government's remaining arguments regarding defects in service of process.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge